IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | §   NO. A-02-CR-113 JRN |
| | § |
| JOHN MICHAEL LEWIS | § |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE JAMES R. NOWLIN
 SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on April 30, 2010, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.  PROCEDURAL BACKGROUND

On September 19, 2002, the Defendant was sentenced to 92 months of imprisonment, followed by three years of supervised release, for possession of a listed chemical with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1). The Defendant has been before the Court twice before related to his supervision in this case, which commenced on December 21, 2007. After the first of those appearances, on December 18, 2008, Judge Nowlin adopted the undersigned's recommendation that the Defendant's supervised release be revoked, as a result of a conviction for driving while intoxicated. The Defendant was sentenced to 6 months of imprisonment,

and 18 months of supervised release as a result of that violation. Then, after a hearing on July 28, 2009, Judge Nowlin concurred with the undersigned's recommendation that the Defendant's supervision be continued, with modified conditions, as a result of the Defendant's use of controlled substances. The modifications to his conditions required that he participate in intensive outpatient drug treatment.

While the Defendant was basically compliant with the requirements of that program, he had difficulty in making the required meetings and urinalyses due to his distance from the treatment facility, and his inability to drive (due to his license suspension following his DWI conviction). In February 2010, however, the Defendant submitted a urine specimen that tested positive for methamphetamine. The Defendant admitted to using methamphetamine, and agreed to a modification of his conditions requiring him to reside in a halfway house. Judge Nowlin imposed that additional condition on March 22, 2010. Prior to reporting to the McCabe Center, however, the Defendant used methamphetamine again, and tested positive for that use on April 5, 2010. As a result of this violation a warrant was requested, and on April 19, 2010, Judge Pitman authorized the issuance of a warrant for the Defendant. The Defendant was arrested on April 22, 2010.

On April 30, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by using a controlled substance (methamphetamine).

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release term be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is VI, resulting in an (advisory) guideline range of 8 to 14 months of imprisonment. Having taken into account the guidelines, as well as everything presented at the hearing, the undersigned RECOMMENDS that the Defendant be sentenced to 4 months of imprisonment, with three months of supervised release to follow. The undersigned FURTHER RECOMMENDS that the Defendant's conditions of supervision for that three month period be MODIFIED to include the following condition:

> You shall reside and participate in a program of the Community Correctional Center for the remaining period of your supervision.. You shall abide by all rules and regulations of said facility.

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of May, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE